Howeee, J.
The defendant has appealed from a judgment against him for the sum of $100 as a license tax for the year 1868, upon his occupation, as keeper of a brewery, assessed by virtue of the 7th section of an act to provide for increasing the revenue of the State, and to raise means to pay the interest on the State debt, approved April 4, 1865.
The tax is resisted as unconstitutional, in not being equal and uniform, nor pro rala upon the amount of income or business done, and the law imposing it is said to violate Art. 124 of the Constitution of 1864, under which it was adopted, and Art. 118 of the Constitution of 1868, under which it is sought to be enforced.
Counsel for defendant admits that such a tax has been held not to be in conflict with the Constitution of 1852, but he contends that the Constitutions of 1864 and 1868 have made a material change on this subject, and virtually forbidden the imposition and collection of a 1 license tax. ’' The three instruments declare alike, that all taxes shall be equal and uniform throughout the State, and that property shall be taxed in proportion to its value.
On the point now before us, that of 1852 says, in Art. 123: “The Legislature shall have power to levy an income tax, and to tax all persons pursuing any occupation, trade or profession.”
That of 1864, in Art. 124, says: “ The General Assembly shall levy an income tax upon all persons pursuing any occupation, trade or calling, and all such persons shall obtain a license, as provided by law. All tax on income shall be pro rala on the amount of income or business done.”
That of 1868, in Art. 118, says: “The General Assembly may levy an income tax upon all persons pursuing any occupation, trade or calling. And all such persons shall obtain a license, as provided by law. All tax on income shall be pro rata on the amount of income or business done.”
The only differences in the last two are, that the word ‘ shall ’ is used in the former, and the word ‘ may ’ in the latter, in the first part of the clause; and in the former a comma is used, and in tlie latter-^a period after the word ‘calling.’
It is urged that the Constitution of 1852 did not restrict or limit the 'Legislature to a pro rata tax on the amount of income or business done, and that such a restriction was inserted in the Constitutions of 1864 and 1868, expressly to prevent the injustice and inequality of taxation, which *586 made small traders pay the same license as large traders; that by the latter instruments the tax should be . pro rata on the “ occupation, trade or calling,” and on the, amount of income or business done; and that only the persons upon whom this income tax has been levied are required to obtain a license, because the levying of an income tax is a prerequisite to the obtaining of a license, which is dependent upon and inseparable from the income tax.'
As it is conceded that a ‘ license tax ’ upon persons pursuing any occupation, trade or calling, if it operate uniformly on all persons of the same class, was held not to be in; conflict with the the Constitution of 1852, and as-it is not suggested that some brewers are made or required by the law in question to pay one sum and others another, we have to inquire whether or not there is any inhibition, special or by necessary implication, of such a tax in those of 1864 and 1868, and if not prohibited, whether or not it is imposed in an unconstitutional form or manner. The theory of our form, of government, is, that the Legislature, in its sphere, is supreme in all respects, save when restricted by the Constitution of the State or United .States, and may do anything not prohibited by such authority. S.ee the cases collated in Hen. Dig. (new ed.) at pp. 267, (c). 1,) No. 6; 268, No. 11; 272, (c) 4,J No. 7.
The Constitution of 1852 says, the Legislature shall have power to levy an income tax, and to tax all persons pursuing any occupation, trade or profession. The power to levy each tax is distinctly recognized.
The Constitutions of 1864 and 1868, in somewhat different words, recognize the same power to levy an income tax, saying the Legislature shall (or may) levy an income tax upon all persons pursuing any occupation, trade or calling, and instead of adding, ‘ and tax all jjersons pursuing any occupation, trade or calling,’ simply say: “and all such persons shall obtain a license, "as provided bylaw.” In the first, the power to levy a tax on all persons pursuing any occupation, is expressly declared; in the last two, it is not prohibited, but there is a positive injunction, that all such persons shall obtain ajicense, leaving it, as we think, to the discretion of the Legislature to levy or not a tax, or fix a price for the license, which is required. Without a prohibition, the Legislature has the authority to impose or fix it. And, in our opinion, the phrase, ‘ as provided by law,’ implies affirmatively that the Legislature may prescribe the manner and conditions of obtaining a license, including the condition, of paying a tax orprice uniform as to all persons in each particular occupation, trade or calling.
Neither instrument says that the license shall be furnished without charge. Nor does either, in our opinion, make the levying of an income tax necessarily a prerequisite to a license, or the obtaining of a license dependent on and inseparable from the income tax.
We construe the words, ‘all such persons,’as referring to those engaged in any occupation, trade or calling, and not to the persons only-, upon whom an income tax is-or has been levied. Ail persons pursuing any occupation, trade or calling shall obtain a license, and all incomes arising therefrom shall be taxed pro rata on the amount of income or business done, which latter is the only restrictive change on this point, made by the Constitutions of 1864 and 1868. The Legislature, which in *587 this matter is the judge of expediency or necessity,’may consider the revenues from only one of these subjects sufficient, and'not impose a tax on the other, or it may impose a tax on both, which will not, we think, be a double tax on the same thing — -the permission or license to pursue any calling being very different from the income derived from that calling.
We consider the constitutional equality and uniformity of such taxation, as is here resisted, long since:firmly established by this tribunal, and we cannot see, in the Constitutions of 1864 and 1868, anything which conflicts therewith, or anything which the law in question-violates. In our opinion, the pro raía principle, as established in these Constitutions, does not apply to the license to be obtained. The tax on license, however, must be equal and uniform, as heretofore interpreted by this Court.
It is a principle of jurisprudence, and one necessary to the harmony of our system of government, that the judiciary will only pronounce a law unconstitutional when it is manifestly so. 3 M. 12. 4 N. S. 138. 5 R. 383. 8 A. 341. 9 A. 562.
Our conclusion is, that there being no constitutional inhibition, special or by necessary implication, upon the Legislature to impose the tax claimed, and it being equal and uniform as to all persons in the class to which defendant belongs, and not in conflict, as to the’ form or manner of levying it, with the Constitutions of 1864 and 1868, it can be collected.
It is therefore ordered that the judgment appealed from be affirmed, with costs.